**Klett Estate v. Eboch**

*Amy Burd,* for plaintiff.
*Alan F. Kirk,* for defendant.

REILLY, *P.J.,* October 23, 1992—Bertha Klett died testate December 17, 1990. In her will, she left her estate to her grandson, the plaintiff, Wayne Rodgers.

Shortly after the death of her mother, the defendant, Carol Eboch, reviewed the real estate records of Clearfield County with respect to the property of her mother. In reviewing the records, she learned that for some unknown reason, in 1945, the property in question, the family home, was conveyed to the defendant, who was then about five years old, and known as Carol Diane Klett. This deed is recorded at Clearfield County Deed Book 391, page 370.

By deed dated May 1, 1951, Carol Diane Klett is shown as having conveyed the same property to Donna Mae Klett, her sister. At the time of this conveyance, Carol Diane Klett was approximately 11 1/2 years old. This deed is recorded at Clearfield County Deed Book 412, page 382.

Subsequently, the property was conveyed from Donna Mae (Klett) Botwright, to Bertha Walton Klett by deed dated September 23, 1958, recorded in Clearfield County Deed Book 504, page 621. Bertha Walton Klett was the mother of both the defendant and Donna Mae Klett Botwright.

The defendant denies having any knowledge whatsoever of the conveyances above stated until after the time of the death of her mother. Furthermore, the record re-

flects an affidavit of Donna Klett Botwright wherein she avers that Carol Diane Klett Eboch was not present at the time the deed dated May 1, 1951, was executed and did not sign the same. The affidavit further states that Carol Diane Klett Eboch was not present on September 23, 1958, when the property was again transferred.

The estate of Bertha Klett by and through Wayne Rodgers, executor, and Wayne Rodgers individually now brings an action to quiet title to the property by claim of adverse possession.

All the elements of adverse possession have been admitted by the defendant as being present with the exception of hostility. Defendant asserts that there has been no actual notification to the rightful owner of the premises and as such the continued possession by the defendant has not been hostile.

The estate of Bertha Klett now comes before this court by way of a motion for summary judgment.

The issue before this court is whether the mere recording of deeds is sufficient notice to an individual who is a party to the deed(s) when that party is a minor and has no actual knowledge of the deed itself.

Upon review of the record, it is apparent to this court that Carol Diane Klett acquired ownership of the residence in which her family resided by the deed of a benefactor in January of 1945, when she was approximately five years old. Clearly, she never had any knowledge of any facts putting her on notice of any reason to question the ownership of the property in which she and her family

resided. As a result, she never had the opportunity to challenge the ownership of the property and/or to object to the continued possession of it.

It is the opinion of this court that hostility is an element not proved by the possessors and therefore a claim by adverse possession must fail.

Furthermore, it is clear that when Carol Diane Eboch was approximately 11 1/2 years old, a fraudulent conveyance occurred wherein her name was affixed to a deed without her consent, knowledge and approval, and as such, the deed and those following it, are voidable and of no effect.

Wherefore, the court enters the following

### ORDER

Now, September 23, 1992, it is the order of this court that motion for summary judgment filed on behalf of the plaintiff be and is hereby denied.